STATE OF LOUISIANA                    NO. 24-K-446

VERSUS                               FIFTH CIRCUIT

BUNNAK LANDON                        COURT OF APPEAL

                                     STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

_Wiseman_

Linda Wiseman
First Deputy, Clerk of Court

November 19, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** BUNNAK LANDON

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NANCY A. MILLER, DIVISION "I", NUMBER 23-2009

---

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

Relator/defendant, Bunnak Landon, seeks supervisory review of the trial court's ruling finding her competent to proceed to trial. For the reasons that follow, we deny this writ application.

Defendant is charged by bill of indictment issued by a Jefferson Parish Grand Jury on August 17, 2023 with the first-degree murder of a juvenile born on January 30, 2017 in violation of La. R.S. 14:30 (count 1), obstruction of justice by removing the victim's body from the crime scene in violation of La. R.S. 14:130.1 (count 2), and obstruction of justice by removing a cell phone from the crime scene in violation of La. R.S. 14:130.1 (count 3).

The trial court conducted a competency hearing on May 22, 2024. Presented at this hearing was the testimony of three examining physicians as well as their respective reports of defendant's competency to proceed to trial. Testifying as members of the court-appointed sanity commission were Dr. John Roberts and Dr. Jessica Boudreaux. Additionally, the defense presented testimony from Dr. Sarah DeLand.

On May 30, 2024, the trial court issued its written ruling finding that the defendant was incompetent to proceed. In written reasons issued with its ruling, the trial judge found that defendant possessed the capacity to understand the proceedings. However, the trial court noted that two of the examining physicians disagreed concerning defendant's ability to adequately assist counsel. Also noted by the trial court was Dr. DeLand's finding that defendant exhibited symptoms associated with depression and post-traumatic stress disorder, which affected her ability to

24-K-446                    1

communicate information in a concise manner. Dr. DeLand opined this condition impaired defendant's ability to effectively assist counsel.

Based on recommendations of the examining physicians, the trial court ordered defendant to undergo a more intensive evaluation at the Eastern Louisiana Mental Health System (ELMHS). The trial court further ordered that defendant undergo an immediate jail-based psychiatric evaluation and treatment related to possible depression and post-traumatic stress disorder while awaiting admission to ELMHS. Additionally, the trial court ordered the sanity commission physicians, Dr. Roberts and Dr. Boudreaux, to conduct an updated competency examination and issue an updated report within sixty days of signing of the order.

Dr. Roberts and Dr. Boudreaux re-evaluated defendant and submitted their updated competency report within sixty days of the trial court's May 30, 2024 order. Following issuance of the updated sanity commission report, a second competency hearing commenced on July 31, 2024. Prior to this hearing, defense counsel filed a motion for continuance on grounds that their independent expert, Dr. DeLand had not re-evaluated defendant and was unavailable to testify at the hearing. The motion for continuance was denied. In the second competency hearing, the trial court received evidence from Dr. Roberts, Dr. Boudreaux, as well as the psychiatrist treating defendant at the Jefferson Parish Correctional Center, Dr. William Lo. At the close of this second hearing, the trial court found defendant competent to proceed to trial and vacated its previous order to transfer defendant to ELMHS.

On August 23, 2024, defense counsel filed a timely Notice of Intent to Seek Supervisory Review and Request for Stay of Proceedings DM-031. The trial court granted the notice of intent but denied the request for a stay. Afterward, on that same day, defense counsel filed with this Court a Motion for Emergency Stay of All Proceedings. We granted the motion, ordering the stay of all lower court proceedings pending a decision on the supervisory writ application regarding defendant's competence. *State v. Landon*, 24-KM-394 (La. App. 5 Cir. 8/26/24) (JJ. <u>Marcel</u>, Johnson, Schlegel). On September 24, 2024, defense counsel filed the instant writ application.

In this writ application, defense counsel presents assignments of error arising from the trial court's order for a full competency re-evaluation, the setting of a contradictory hearing on defendant's competency *sua sponte*, and denial of defendant's motion for continuance of that contradictory hearing. Defense counsel specifically assigns as error the trial court's order setting the hearing on its own motion, without any motion from the State or defense which articulates a change in defendant's circumstances. Additionally, by denying the defense motion for continuance, defense counsel argues that trial court deprived defendant of the opportunity for an independent medical evaluation as well as the opportunity to present other medical information in a hearing to re-determine defendant's capacity to assist counsel and proceed to trial. Defense counsel asserts the trial court's actions violated La. C.Cr.P. art. 648 and deprived defendant of due process rights.

The State responds by arguing that the trial judge did not err in proceeding with a second competency hearing. First, the State points out that defense counsel argues the second competency hearing was premature but does not challenge the finding of competency. It also argues that defendant had two months to arrange an independent medical examination prior to the second competency hearing but failed to do so.

24-K-446

A criminal defendant has a constitutional right not to be tried while legally incompetent. *State v. Carmouche*, 2001-0405 (La. 5/14/02), 872 So.2d 1020, 1041, *on reh'g* (Sept. 25, 2003).

The issue of a defendant's mental incapacity to proceed may be raised by the defense, the district attorney, or the court at any time. La. C.Cr.P. art. 642; *State v. Johnson*, 10-612 (La. App. 5 Cir. 1/25/11), 60 So.3d 653, 657, *writ denied*, 11-316 (La. 6/17/11), 63 So.3d 1038. There is a legal presumption that a defendant is sane and competent to proceed to trial. La. R.S. 15:432. Accordingly, the defendant has the burden of proving by a preponderance of the evidence his incapacity to stand trial. *State v. Johnson*, 14-238 (La. App. 5 Cir. 11/25/14), 165 So.3d 961, 966. Although a trial court may receive expert medical testimony on the issue of a defendant's competency to proceed to trial, the ultimate decision of capacity rests alone with the trial court. La. C.Cr.P. art. 647; *State v. Holmes*, 06-2988 (La. 12/2/08), 5 So.3d 42, 55, *cert. denied*, 558 U.S. 932, 130 S.Ct. 70, 175 L.Ed.2d 233 (2009). The trial court's determinations as to a defendant's competency is afforded great weight, and the trial court's ruling will not be disturbed on appeal absent an abuse of discretion. *State v. Anderson*, 06-2987 (La. 9/9/08), 996 So.2d 973, 992, *cert. denied*, 556 U.S. 1165, 129 S.Ct.1906, 173 L.Ed.2d 1057 (2009).

Under La. C.Cr.P. art. 641, "[m]ental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense." The two-fold test of capacity to stand trial is whether the defendant: (1) understands the consequences of the proceedings, and (2) has the ability to assist in his defense by consultation with counsel. *State v. Bridgewater*, 2000-1529 (La. 1/15/02), 823 So. 2d 877, 892, *on reh'g* (June 21, 2002).

In *State v. Bennett*, 345 So.2d 1129, 1138 (La. 1977), the Louisiana Supreme Court provided the following factors to be considered in determining whether a defendant is able to assist in his defense:

> [W]hether he is able to recall and relate facts pertaining to his actions and whereabouts at certain times; whether he is able to assist counsel in locating and examining relevant witnesses; whether he is able to maintain a consistent defense; whether he is able to listen to the testimony of witnesses and inform his lawyer of any distortions or misstatements; whether he has the ability to make simple decisions in response to well-explained alternatives; whether, if necessary to defense strategy, he is capable of testifying in his own defense; and to what extent, if any, his mental condition is apt to deteriorate under the stress of trial.

The record shows that on May 30, 2024, the trial judge found defendant incompetent to proceed after hearing evidence of findings by the sanity commission physicians as well as the independent medical examiner. In its order finding defendant incompetent, the trial court ordered defendant's commitment to ELMHS for evaluation, jail-based treatment, if necessary. The trial court also ordered the sanity commission physicians to re-evaluate defendant and issue their updated report within sixty days of its May 30, 2024 order. The record further shows that defense counsel was aware of the trial court's May 30th orders, including the order for an updated competency evaluation within sixty days, and presented no objection.

3

In this writ application, defendant argues that the second competency hearing held on July 31 and August 1, 2024, was held prematurely and not in accordance with the Code of Criminal Procedure. We disagree. The record shows that the hearing was always intended to be a competency hearing, not just a status hearing. Evidence was presented in the May 30, 2024 hearing that defendant met the first test of capacity to stand trial. However, expert opinions were split as to defendant's capacity to assist counsel with her defense. In light of that evidence, the court found defendant incapable to proceed and ordered sanity commission doctors to re-evaluate defendant's competence within sixty days of May 30, 2024. Defense even noted in its writ application that the court, in its "Jail-Based Treatment Order", also ordered the sanity commission doctors to "conduct an updated competency evaluation and report their updated findings to the Court on the 31st day of July 2024." Thus, the defense was clearly on notice of the trial court's purpose for setting the hearing and nothing precluded the defense from having defendant re-evaluated by its own doctor under La. C.Cr.P. art. 646 within that period. Hence, we find no error in the trial court's denial of the defendant's motion for continuance of the second competency hearing.

Additionally, defendant argues in this writ application that the sanity commission doctors should have reviewed defendant's medical records before writing their report. Defense counsel points out that defendant was not committed to ELMHS as previously ordered and contends defendant did not receive jail-based treatment before the sanity commission's re-examination. Testimonial and documentary evidence presented at the second hearing reflect that defendant was seen by a counselor at the jail weekly and had refused medication management. Dr. Lo testified that forced medication was not necessary because defendant was not a danger to herself or others at that time. Further, forced medication was not ordered by the trial court. Dr. Roberts testified that his competency recommendation would not be altered if defendant was taking prescribed medications or receiving jail-based treatment. Based on his re-evaluation examination, Dr. Roberts testified that he did not recommend treatment or evaluation at ELMHS.

Finally, defense counsel argues that the trial judge erred by not following the requirements of La. C.Cr.P. art. 648. We disagree. La. C.Cr.P. art. 648(A)(2)(d) and (e) are inapplicable because defendant was not held in the parish jail for 180 days after the finding of incompetency. Neither circumstance is presented in this case.

Based on the foregoing, we find that the trial court did not abuse its discretion by holding a second hearing on defendant's competency on July 31 and August 1, 2024. Additionally, we find no abuse of discretion in the trial court's determination of defendant's competency to proceed to trial, and do not find that determination violated the provisions set forth in Article 648.

Accordingly, this writ application is denied.

Gretna, Louisiana, this 19th day of November, 2024.

**TSM**
**MEJ**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/19/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

**24-K-446**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Nancy A. Miller (DISTRICT JUDGE)
Darren A. Allemand (Respondent)          Thomas J. Butler (Respondent)
Mark D. Plaisance (Relator)

### MAILED

Remy V. Starns (Relator)
Attorney at Law
301 Main Street
Suite 700
Baton Rouge, LA 70825

Marcus J. Plaisance (Relator)
Attorney at Law
Post Office Box 1123
Prairieville, LA 70769

Christen E. DeNicholas (Relator)
Attorney at Law
848 Second Street
3rd Floor
Gretna, LA 70053

Honorable Paul D. Connick, Jr.
(Respondent)
Rachel L. Africk (Respondent)
Assistant District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053

Paul C. Fleming, Jr. (Relator)
Cesar J. Vazquez (Relator)
Letita J. Parker-Davis (Relator)
Attorney at Law
848 Second Street
Gretna, LA 70053